```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                           :
ROBERT W. CABELL,
                                           :
               Plaintiff,                  :        09 Civ. 1610 (WHP)
                                           :
          -against-                        :        ORDER
                                           :
SONY PICTURES
ENTERTAINMENT, INC., et al.,               :
                                           :
               Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

          Plaintiff Robert W. Cabell ("Cabell") brought this action against Defendants

alleging that the film You Don't Mess With the Zohan and its marketing materials infringed his

copyrights in works featuring Jayms Blonde.  By Memorandum and Order dated May 25, 2010,

this Court granted Defendants' motion for summary judgment and dismissed this action.  See

Cabell v. Sony Pictures Entertainment, Inc., 714 F. Supp. 2d 452 (S.D.N.Y. 2010).   Familiarity

with that Memorandum and Order is assumed.  Defendants seek $568,485.63 in fees and $767.78

in costs.   For the following reasons, Defendants' motion is granted in part and denied in part.


                              DISCUSSION

          The Copyright Act permits a court "in its discretion" to award costs, including a

"reasonable attorney's fee," to the prevailing party in a copyright infringement action.  17 U.S.C.

§ 505.  While attorneys' fees are not to be awarded "as a matter of course," courts may elect to

award fees in consideration of, among other factors, "frivolousness, motivation, objective

                                    -1-

unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533, 534 n. 19 (1994) (citation omitted).  The "objective unreasonableness" factor is to be accorded "substantial weight."  Matthew Bender & Co., Inc. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001).  A claim is objectively unreasonable if it is "clearly without merit or otherwise patently devoid of legal or factual basis."  Hudson v. Universal Studios, Inc., 04 Civ. 6997 (GEL), 2009 WL 536564, at *2 (S.D.N.Y. Mar. 4, 2009).

Defendants argue that fees and costs are warranted because Cabell's claims were objectively unreasonable.   Defendants also contend that Cabell's blanket assertions that Defendants' various works violate "all" of his depictions of Blonde evidenced frivolousness and bad faith.  Cabell's claims were objectively unreasonable.  Cabell, 714 F. Supp. 2d at 459-61 ("[T]o the extent there are similarities between the Blonde Works and You Don't Mess With the Zohan, they end with an unprotectable idea."); see also Hudson, 2009 WL 546564, at *2 ("A review of the Court's opinion . . . demonstrates that no reasonable person could have believed that the minor similarities, intrinsic to any drama of unjustified incarceration, warranted a conclusion that the two works were similar."); Mallery v. NBC Universal, Inc., 07 Civ. 2250 (DLC), 2008 WL 719218, at *1 (S.D.N.Y. Mar. 18, 2008) ("[A] careful review of the [works at issue] reveals that the plaintiffs' claims are wholly without merit, as nearly every instance of alleged similarity between [the] … work[s] relates to unprotectable ideas rather than protectable expression and, viewed more broadly, the total concept and feel of these works are profoundly different.")  Thus, an award is warranted.

-2-

"In deciding the amount of fees and costs to award, courts may consider a party's financial circumstances." Shangold v. The Walt Disney Co., No. 03 Civ. 9533 (WHP), 2006 WL 2884925, at *1 (Oct. 11, 2006); see also Toliver v. County of Sullivan, 957 F.2d 47, 49-50 (2d Cir. 1992) ("[F]ee awards are at bottom an equitable matter, and courts should not hesitate to take the relative wealth of the parties into account."); Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028-29 (2d Cir. 1979) (holding a court may consider the defeated litigant's economic circumstances to determine whether "a lesser sum assessed would [fulfill] the statute's deterrent purpose without subjecting [the plaintiff] to financial ruin").

Cabell claims that he has earned less than $10,000 in each of the last three years. (Affidavit of Robert W. Cabell dated July 29, 2010 ("Cabell Aff.") at ¶ 2.) He supplements his income by selling off equipment from his home recording studio. (Affidavit of Robert W. Cabell dated July 29, 2010 ("Cabell Aff.") at ¶ 4.) He does not own a motor vehicle or any real estate, and has less than $2,000 in his bank accounts. (Cabell Aff. ¶ 3.) Moreover, Cabell's landlord has filed nine eviction notices against him between 2001 and 2007, and Cabell has seventeen liens and judgments recorded against him.[1] (Affidavit of Michael W. Boyle dated Aug. 18, 2010 ("Boyle Aff."): Report Dated Aug. 17, 2010, at 1.)

Taken together, these facts demonstrate that an award approaching $500,000—or even the $50,000 sum Defendants suggest in their reply—would far exceed the Congressional goal of discouraging frivolous litigation. See Shangold, 2006 WL 2884925, at *1 ("An award in

---

[1]   Defendants challenge Cabell's statement of his financial condition with an affidavit of a private investigator. That affidavit asserts that Cabell's reported annual income could not cover his rent, which "could be as low as $850.00 per month." (Boyle Aff. Ex B: Report Dated Aug. 17, 2010, at 1.) Yet, this does not convincingly show that Cabell's reported income is misstated because he has been selling his recording equipment.

the amount requested by Defendants would wreak financial ruin on Plaintiffs, and, in the final

analysis, dismiss of Plaintiffs' lawsuit is the appropriate sanction that offers the closure that

Defendants have earned."). Therefore, this Court awards Defendants $1,000.

CONCLUSION

For the foregoing reasons, Defendants' motion for costs and attorneys' fees is

granted in part and denied in part. Defendants are awarded $1000 in costs and fees against

Plaintiff Robert W. Cabell.

Dated: January 7, 2011
        New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Leo Kayser, III, Esq.
Kayser & Redfern, LLP
515 Madison Avenue, 30th Floor
New York , NY 10022
*Counsel for Plaintiff*

Joseph M. Beck, Esq.
Kilpatrick Stockton, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA 30309
*Counsel for Defendants*